UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HAMILTON SPECIALTY INSURANCE COMPANY, INC., | Civil Action No.: 19-cv-5548 |
| Plaintiff, | **COMPLAINT** |
| -against- | |
| KINSALE INSURANCE COMPANY, | |
| Defendant. | |

Plaintiff, HAMILTON SPECIALTY INSURANCE COMPANY, INC. ("HAMILTON"), by and through their attorneys, Manning & Kass, Ellrod, Ramirez, Trester, L.L.P., as and for their complaint against above-named defendant KINSALE INSURANCE COMPANY ("KINSALE"), alleges the following:

**PRELIMINARY STATEMENT**

1. This action arises from the failure of defendant KINSALE to acknowledge that it owes a duty to its insured, Sway Lounge, LLC d/b/a Sway ("Sway Lounge" / the "Insured"), to provide a defense for claims made against it in state and federal court. Rather than contribute to the defense of the Insured, KINSALE has instead forced its co-insurer, HAMILTON, to bear the entire burden of providing a defense to the Insured. HAMILTON seeks a declaration that KINSALE is required to provide a defense to the Insured regarding the claims at issue, and that KINSALE is required to reimburse HAMILTON for its proportional share of the attorneys' fees and costs incurred in the defense of the Insured.

## PARTIES

2. Plaintiff HAMILTON SPECIALTY INSURANCE COMPANY, INC. is a corporation organized under the laws of the state of Delaware with its principal place of business in the state of New York.

3. Defendant KINSALE INSURANCE COMPANY is a corporation organized under the laws of the state of Arkansas with its principal place of business in the state of Virginia.

## JURISDICTION AND VENUE

4. Pursuant to 28 U.S.C. § 2201(a), this action seeks a declaration of rights under certain insurance policies issued by HAMILTON and KINSALE to Sway Lounge and monetary damages from KINSALE based on its failure to fulfill its obligations to HAMILTON as co-insurer of Sway.

5. This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1332(a) because there is diversity of citizenship between the parties and the amount at issue exceeds $75,000.00 (Seventy-Five Thousand Dollars), exclusive of interest and costs.

6. This Court has personal jurisdiction of defendant KINSALE as KINSALE contracted to supply services in New York and engaged in actions within this State that relate to the subject matter of this action.

7. This Court has further jurisdiction over this claim pursuant to 28 U.S.C. § 1367(a) as the claims set forth in this action are so related to the claims set forth in the related action brought in this Court under Civil Action No.: 1:18-CV-11895, that they form part of the same case or controversy.

8.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to this action occurred in this district.

## INSURANCE POLICIES

9.  On or about November 11, 2016, HAMILTON issued a Commercial General Liability Policy to Sway Lounge bearing Policy No. ENHSGL 00768-00-16, with a policy period of November 11, 2016 through November 11, 2017 (the "Hamilton Policy").

10. The Hamilton Policy provides coverage to Sway Lounge for, *inter alia*, the defense and indemnity of certain claims seeking damages the Insured becomes legally obligated to pay because of bodily injury caused by an occurrence that takes place during the policy period.

11. On or about January 23, 2018, KINSALE issued a Management Liability Policy to Sway Lounge bearing Policy No. 0100046801-1, with a policy period of January 23, 2018 through January 23, 2019 (the "Kinsale Policy").

12. The Kinsale Policy provides coverage to Sway Lounge for, *inter alia*, the defense and indemnity of certain claims made during the policy period seeking damages for wrongful acts committed by the Insured.

## PRIOR LEGAL PROCEEDINGS

13. On June 3, 2018, Sylvia Eliasson filed a lawsuit captioned *Sylvia Eliason v. Sway Lounge, LLC d/b/a Paul's Casablanca, Paul Sevigny, Brian McPeck and Joshua Menendez* in the Supreme Court of the State of New York, County of New York, which was assigned index number 155170/2018 (the "State Court Action").

14. The complaint in the State Court Action alleges that on or about October 7, 2017, Ms. Eliasson, who was employed as a bottle server at Sway Lounge, was slipped a date rape drug

and sexually assaulted by the club's general manager, Joshua Menendez, following the completion of her shift. It is also alleged that Sway Lounge and its owners retaliated against Ms. Eliasson when she reported the sexual assault. The State Court Action asserts claims for assault, battery, gender-motivated violence, sexual harassment, gender discrimination, hostile work environment, and retaliation, and seeks monetary damages as well as injunctive relief.

15. On November 27, 2018, the State Court Action was dismissed without prejudice so that Ms. Eliasson could file her claims in this Court.

16. On December 18, 2018, Ms. Eliasson filed a lawsuit captioned *Sylvia Eliason v. Sway Lounge, LLC d/b/a Paul's Casablanca, Paul Sevigny, Brian McPeck and Joshua Menendez* in this Court under Civil Action No.: 1:18-CV-11895 (the "Federal Court Action").

17. The complaint in the Federal Court Action makes substantially the same allegations as those set forth in the prior State Court Action.

## FACTUAL BACKGROUND

18. On or about March 27, 2018, HAMILTON received notice of Ms. Eliasson's claims against the Insured.

19. On or about July 11, 2018, HAMILTON accepted coverage, subject to a reservation of rights, for the Insured with regards to the State Court Action and assigned counsel to defend the Insured.

20. HAMILTON has continued to provide a defense to the Insured with regards to the Federal Court Action.

21. On or about June 4, 2018, KINSALE received notice of the State Court Action.

22. On or about June 11, 2018, KINSALE issued a "Disclaimer of Coverage" refusing to provide defense or indemnity to the Insured for the State Court Action.

23. On or about June 11, 2019, the attorney representing the Insured in the Federal Court Action issued a tender demand to KINSALE, demanding that KINSALE fulfill its duties as a co-insurer of the Insured to provide defense and/or indemnity for the Insured in the Federal Court Action.

24. On or about June 13, 2019, KINSALE responded to the tender demand with a "Disclaimer of Insurance Coverage" dated June 7, 2019, refusing to provide defense or indemnity to the Insured for the Federal Court Action.

25. The Kinsale Policy provides coverage to the Insured based on the allegations in the State Court Action.

26. The Kinsale Policy provides coverage to the Insured based on the allegations in the Federal Court Action.

27. The failure of KINSALE to acknowledge that the Kinsale Policy covers the claim at issue has forced HAMILTON to shoulder the entire cost of defending the Insured in the State Court Action and Federal Court Action, including paying defense costs that should have been borne by KINSALE.

28. To date, HAMILTON has paid in excess of $36,365.00 (Thirty-Six Thousand Three Hundred Sixty-Five Dollars) in attorneys' fees and cost to defend the Insured with regards to the State Court Action and Federal Court Action.

29. To date, KINSALE has not paid any defense costs in connection with the claims made in the State Court Action.

30. To date, KINSALE has not paid any defense costs in connection with the claims made in the Federal Court Action.

## AS AND FOR A FIRST CAUSE OF ACTION FOR
## DECLARATORY JUDGMENT AGAINST KINSALE INSURANCE COMPANY

31. HAMILTON hereby incorporates by reference each and every allegation contained in paragraphs 1 through 30 above as if fully set forth herein.

32. KINSALE has failed to honor its obligation to advance defense costs and indemnify the Insured for the claims in the State Court Action and Federal Court Action.

33. There exists an actual and justiciable controversy between HAMILTON and KINSALE as to the scope and extent of insurance coverage available to the Insured under the Kinsale Policy, and HAMILTON'S entitlement to contribution from KINSALE for any past or future defenses costs or other sums that HAMILTON has paid or will pay in connection to the State Court Action and the Federal Court Action.

34. HAMILTON is entitled to contribution from KINSALE because, although HAMILTON and KINSALE are co-insurers of the same risk, HAMILTON has paid and continues to pay more than its equitable share of the Insured's defense costs for the State Court Action and the Federal Court Action.

35. HAMILTON seeks a declaration that KINSALE is required to provide contribution for any past or future defense costs or other sums that HAMILTON has paid or will pay to or on behalf of the Insured in connection with the State Court Action and the Federal Court Action.

## AS AND FOR A SECOND CAUSE OF ACTION FOR
## RECOVERY OF CO-INSURANCE AGAINST KINSALE INSURANCE COMPANY

36. HAMILTON hereby incorporates by reference each and every allegation contained in paragraphs 1 through 35 above as if fully set forth herein.

37. As a result of KINSALE'S failure and refusal to acknowledge its duty to defend the Insured in connection with the State Court Action and Federal Court Action, HAMILTON has been required to pay for the defense of the Insureds in the State Court Action and Federal Court Action.

38. To date, HAMILTON has spent approximately $36,365.00 (Thirty-Six Thousand Three Hundred Sixty-Five Dollars) in defense of the State Court Action and Federal Court Action, and continues to incur costs for the defense of the Federal Court Action.

39. HAMILTON is entitled to a money judgment against KINSALE for its proportional share of all amounts paid or to be paid by HAMILTON in connection with the defense and indemnity of the State Court Action and Federal Court Action, along with interest.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff, HAMILTON SPECIALTY INSURANCE COMPANY, respectfully requests that this Court:

A) Issue a declaration determining that KINSALE INSURANCE COMPANY is required to defend and indemnify the Insured in the State Court Action and Federal Court Action;

B) Issue a declaration determining that KINSALE INSURANCE COMPANY is required to contribute its proportionate share to the defense and indemnity of the Insured in the State Court Action and Federal Court Action;

C) Award HAMILTON SPECIALTY INSURANCE COMPANY a money judgement against KINSALE INSURANCE COMPANY for the proportionate share of the amount paid by HAMILTON SPECIALTY INSURANCE COMPANY in the State Court Action and Federal Court Action, along with interest;

   D)  Grant HAMILTON SPECIALTY INSURANCE COMPANY recovery of the costs and disbursements in this action; and

   E)  Grant such other and further relief as this Court deems just and proper.

DATED: June 13, 2019
     New York, New York

                **MANNING & KASS**
                **ELLROD, RAMIREZ, TRESTER LLP**

                By: _____

                Jeanette L. Dixon, Esq.
                Attorney Bar Code: JD0270

                One Battery Park Plaza, 4th Floor
                New York, New York 10004
                (212) 858-7769
                *Attorneys for HAMILTON SPECIALTY*
                *INSURANCE COMPANY, INC.*